IN THE MATTER OF JOSEPH F. MATTICE.
AN ATTORNEY AT LAW.

Argued March 8, 1977—Decided May 2, 1977.

---

*Mr. Herman A. Adler* argued the cause for the Ocean County Ethics Committee.

*Mr. Robert A. Coogan* argued the cause for respondent (*Messrs. Moore & Coogan,* attorneys).

PER CURIAM. This disciplinary proceeding against respondent, a member of the Bar of this State since 1930, stems from a judgment of conviction of election fraud entered against him on January 19, 1976. The judgment rested on defendant's plea of guilt during trial to three counts of a multi-count indictment. Each of the three counts charged that respondent "did falsely make and did falsely make oath" to a Nomination by Petition for Primary Election.

The petitions in question were for membership on the Monmouth County Committee of the Democratic Party. Each petition purported to contain ten signatures of qualified voters together with a verification under oath by one of the signers that such petition "is signed by each of the signers thereof in his own proper handwriting."

The transcript of respondent's plea shows that when he was questioned by the trial court as to the factual basis for the plea, respondent admitted that he had signed the name Walter C. Lee on one petition, the name Daisy Jackson on the second and the name Barbara Gomer on the third. Based on this admission the plea of guilty was accepted. Respondent was not questioned about any other irregularities for which he may have been responsible in connection with these petitions. The sentence imposed was a $1,000 fine on each

of the three counts. The remaining counts, some 76 in number, were dismissed. These ethics proceedings followed.

In considering appropriate discipline we are not limited by respondent's plea in which he admitted signing the name of another person on each of the three nominating petitions. Examination of these petitions, marked in evidence at respondent's criminal trial, shows that respondent, as an Attorney at Law of New Jersey, also took the jurat on the verification attached to each petition by which one of the signers swore that the petition was "signed by each of the signers in his own proper handwriting."

Respondent by way of mitigation, claims that he had the "permission" of the persons whose names he signed, that no harm or prejudice to anyone resulted from his illegal acts because the primary election for the office of County Committee was uncontested and that the petitions merely satisfied a required statutory formality.

Respondent misconceives the seriousness of his offense. The election process is at the very core of the concept of democracy for it is by this means that the citizenry is given a voice in the selection of its public representatives. *Gangemi v. Berry,* 25 *N. J.* 1 (1957). Tampering with the fundamental right of suffrage, which includes the right to nominate, cannot be condoned. See *State v. Toland,* 123 *N. J. Super.* 286 (App. Div. 1973).

It does not matter that the particular primary election was uncontested and that respondent had the "permission" of the persons whose names he signed. The right to nominate, as well as the right to cast a ballot, not only is a personal privilege but carries with it a grave responsibility of citizenship which cannot be delegated to anyone else.

Were it not for respondent's advanced age and his almost fifty years at the Bar without any prior disciplinary involvement, we would deal with him most severely. He has been under suspension by order of this Court since July 9, 1976. We order that he be suspended for a period of one year and

until the further order of this Court, the period of suspension to commence as of July 9, 1976. So ordered.

*For suspension for one year*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*Opposed*—None.

## ORDER

It is ORDERED that JOSEPH F. MATTICE of Asbury Park be suspended from the practice of law for one year and until further order of the Court, effective July 9, 1976, and it is further

ORDERED that JOSEPH F. MATTICE be and hereby is restrained and enjoined from practicing law during the period of his suspension.